IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH A. HARKINS, JR.

    Plaintiff

Civil Action No. 12-CV-1229-PJM

v.

DIVERSIFIED COLLECTION SERVICES, INC.

    Defendant

### AMENDED COMPLAINT

Plaintiff, **Kenneth A. Harkins, Jr.**, hereby sues Defendant, Diversified Collection Services, Inc.; and allege:

#### PRELIMINARY STATEMENT

1. This is an action brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Maryland Fair Debt Collection Practices Act (Md. COMMERCIAL LAW Code Ann. Title 14 Subtitle 2); and for damages for violations of Maryland Consumer Protection Act (Md. COMMERCIAL LAW Code Ann. Title 13 *et seq.*

#### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391b.

4. Plaintiff, Kenneth A. Harkins, Jr, is a natural person and is a resident of Maryland.

5. Upon information and belief Defendant, Diversified Collection Services, Inc, is a California corporation authorized to do business in Maryland.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

#### FACTUAL ALLEGATIONS

7. On or about November 5, 2011, Plaintiff received a letter from the Defendant (an entity who is unknown to Plaintiff) attempting to collect an alleged debt.

8. Then on or about November 21, 2011, Plaintiff received a letter from the Defendant attempting to collect on an alleged debt with a very significant reduction in the amount. Prompting the Plaintiff to believe that some type of deceptive activity was going on.

9. On December 19, 2011 Defendant received a certified letter from the Plaintiff requesting a validation of the alleged debt and notification that failure to validate will be construed as a waiver of any and all claims against Plaintiff and their tacit agreement to compensate Plaintiff for costs and attorney fees. Defendants have not validated the alleged debt.

10. During this time Plaintiff was involved in an investigation by the Maryland Insurance Administration (MIA) for a license that Plaintiff had applied for. One of the provisions to obtain the license was to clear up any debts owed to the Federal and or State Governments, which was done. In February of this year Plaintiff received notification from the IRS that the debt had been paid.

11. The thought of having the Defendant's alleged claim stopping Plaintiff from receiving the aforementioned license caused the Plaintiff emotional distress and mental anguish to the point of seeking professional help.

12. Approximately two months after the IRS notification Plaintiff was cleared by the MIA and received the aforementioned license. The Plaintiff has now been cleared by two Federal Agencies of any debt owed. At this point Plaintiff contends that Defendant, who is in the business of debt collection, knew or should have known the alleged debt was not valid.

13. It is the Plaintiff's belief that the Defendant's intent was to get paid by any means necessary including but not limited to deceptive practices. Plaintiff contends that the illegal actions of the Defendant have harmed the Plaintiff, resulting in mental anguish, emotional distress and expenditures.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT

14. Paragraphs 1 through 13 is re-alleged as though fully set forth herein.

15. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

16. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

17. Defendant violated the FDCPA. Defendant's violations include the following:

    o Defendant violated 15 U.S.C. §1692e (2) by, falsely representing the character, amount, or legal status of any debt.

    o Defendant violated 15 U.S.C. §1692e (10) by, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    o Defendant violated 15 U.S.C. §1692f (1) by, attempting the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff demands judgment in the amount of $1500.00 for violations pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF
## MARYLAND FAIR DEBT COLLECTION PRACTICES ACT,
### Md. COMMERCIAL LAW Code Ann. Title 14 Subtitle 2 §14-202
## BY DEFENDANT

18. Paragraphs 1 through 13 is re-alleged as though fully set forth herein.

19. Defendant violated §14-202 (8) Claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.

WHEREFORE, Plaintiff demands judgment in the amount of $5000.00 for emotional distress pursuant to Md. COMMERCIAL LAW Code Ann. Title 13 Subtitle 2 §14-203.

## COUNT III
## VIOLATION OF MARYLAND CONSUMER PROTECTION ACT,
### Md. COMMERCIAL LAW Code Ann. Title 13
## BY DEFENDANT

20. Paragraphs 1 through 13 is re-alleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of Title 13 Subtitle 1 §13-101(c)(1).

22. Defendant is a merchant within the meaning of Title 13 Subtitle 1 §13-101(g)(1).

23. Defendant violated Title 13 Subtitle 3 §13-301(1) by, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity tendency, or effect of deceiving or misleading consumers.

24. Defendant violated Title 13 Subtitle 3 §13-301(3) by, failure to state a material fact if the failure deceives or tends to deceive.

25. Defendant violated Title 13 Subtitle 3 §13-301(6) by, False or misleading representation of fact which concerns:

    (i)    The reason for or the existence or amount of a price reduction; or
    (ii)   A price in comparison to a price of a competitor or to one's own price at a past or future time;

26. Defendant violated Title 13 Subtitle 3 §13-301(9) by, Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:

    (i)    The promotion or sale of any consumer goods, consumer realty, or consumer service;

27. Defendant violated Title 13 Subtitle 3 §13-302 by, Any practice prohibited by this title is a violation of this title, whether or not any consumer in fact has been misled, deceived, or damaged as a result of that practice.

28. Defendant violated Title 13 Subtitle 3 §13-303(5) by, A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in:

    o  The collection of consumer debts.

WHEREFORE, Plaintiff demands judgment in the amount of $3500.00 for violations pursuant to Md. COMMERCIAL LAW Code Ann. Title 13 Subtitle 4 §13-408.

WHEREFORE, Plaintiff, Kenneth A, Harkins, Jr., respectfully requests judgment be entered against Defendant, DIVERSIFIED COLLECTION SERVICES, INC., for the total amount of $10,000.00 plus court costs and any other relief that this Honorable Court deems appropriate.

Dated: December 11, 2012

Respectfully submitted,

*Kenneth A. Harkins Jr.* (signature)

Kenneth A. Harkins, Jr.
7200 Wessex Drive
Temple Hills, Maryland 20748

4