**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

KENNETH A. HARKINS, JR.,     :
                                :  CASE NO. 12-CV-1229
          Plaintiff,       :
                                :
v.                            :
                                :
DIVERSIFIED COLLECTION     :  **DEFENDANT'S ANSWER TO**
SERVICES, INC.,             :  **PLAINTIFF'S AMENDED**
                                :  **COMPLAINT**
          Defendant.      :
                                :

Now comes Defendant Diversified Collection Services, Inc. ("Defendant"), by and through counsel, and responds to Plaintiff's Amended Complaint as follows:

### PRELIMINARY STATEMENT

1.     Defendant admits that Plaintiff is bringing this cause of action pursuant to the statutes cited in paragraph 1 of the Amended Complaint.  All remaining allegations contained in paragraph 1 of the Amended Complaint are denied.

### JURISDICTION AND VENUE

2.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and therefore denies said allegations.

3.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and therefore denies said allegations.

4.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, and therefore denies said allegations.

5.      Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint, and therefore denies said allegations.

## PARTIES

7.      Defendant admits that it forwarded written correspondence to Plaintiff on or about November 2, 2011.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Amended Complaint, and therefore denies said allegations.

8.      Defendant admits that it forwarded written correspondence to Plaintiff on or about November 17, 2011.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Amended Complaint, and therefore denies said allegations.

9.      Defendant admits that it received written correspondence from the Plaintiff on or about December 19, 2011 requesting validation of the underlying account.  Defendant further admits that the letter contained the statements alleged in paragraph 9, but denies that these additional statements created any obligation or agreement between the parties.  Defendant denies the remaining allegations contained in paragraph 9 of the Amended Complaint.

10.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint, and therefore denies said allegations.

11.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, and therefore denies said allegations.

12.     Defendant denies that it knew or should have known that an account alleged to be due and owing by Plaintiff was not valid.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Amended Complaint, and therefore denies said allegations.

13.     Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14.     All allegations incorporated by reference in paragraph 14 of the Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

15.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint, and therefore denies said allegations.

16.     Defendant admits that under certain circumstances it may be a debt collector as that term is defined by 15 U.S.C. § 1692a(6).  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint, and therefore denies said allegations.

17.     Defendant denies the allegations contained in paragraph 17 of the Amended Complaint and its subparagraphs.

## COUNT II – MARYLAND FAIR DEBT COLLECTION PRACTICES ACT

18.     All allegations incorporated by reference in paragraph 18 of the Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

19.     Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

## COUNT III – MARYLAND CONSUMER PROTECTION ACT

20.     All allegations incorporated by reference in paragraph 20 of the Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

21.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and therefore denies said allegations.

22.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint, and therefore denies said allegations.

23.     Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     All remaining allegations that have not been specifically denied or admitted to herein are hereby denied.

## **ADDITIONAL DEFENSES**

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      At all pertinent times, Defendant complied with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

3.      At all pertinent times, Defendant complied with the Maryland Fair Debt Collection Practices Act and the Maryland Consumer Protection Act.

4.      Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5.      Plaintiff failed to mitigate any damages which he may have suffered, if any.

6.      At all pertinent times, Defendant acted in good faith.

7.      At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

8.      Plaintiff did not justifiably rely on any representation by Defendant.

9.      This Court lacks subject matter jurisdiction over all of the allegations contained in the Complaint.

10.     Defendant states that it reserves the right to assert additional affirmative defenses as discovery warrants.

Respectfully Submitted,

/s/_____
James M. Connolly (Bar No. 23872)
Kramer & Connolly
465 Main Street
Reisterstown, MD 21136
Tel.: (410) 581-0070
Fax: (410) 581-1524

Counsel for Defendant Diversified Collection Services, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 18, 2012,  a copy of the foregoing was mailed

first class, postage prepaid, to:

> Kenneth A. Harkins, Jr.
> 7200 Wessex Drive
> Temple Hills, Maryland 20748
> *Pro Se Plaintiff*


/s/_____
James M. Connolly