IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 23  P 3: 05

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

KENNETH A. HARKINS, JR.

    Plaintiff

                      Civil Action No. 12-CV-1229-PJM

    v.

DIVERSIFIED COLLECTION SERVICES, INC.

    Defendant

---

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff KENNETH A. HARKINS, JR., who hereby submits this Motion for Summary Judgment. During the Discovery Process several relevant facts have come to light, that supports the Plaintiff's following claims: the Fair Debt Collection Practices Act (the "FDCPA"), the Maryland Fair Debt Collection Practices Act (the "MFDCPA") and the Maryland Consumer Protection Act (the "MCPA").

I the Plaintiff, Kenneth A. Harkins, Jr., declare that all copies of documents are true and correct.

### I. FACTUAL BACKGROUND

On or about November 5, 2011 Plaintiff received a communication from the Defendant claiming an alleged debt be paid to Defendant. *See Exhibit A.*

On or about November 19, 2011 Plaintiff received another communication from Defendant claiming an alleged debt be paid to Defendant with a vastly different amount, raising suspicion in the Plaintiff. *See Exhibit B.*

On or about December 19, 2011 Defendant received a written communication from Plaintiff requesting validation, not a verification of Defendant's claims. As of this date, no validation has been made as to Defendant's claims. *See Exhibit C.*

1

On or about February 27, 2012 Plaintiff received a notice from the Department of the Treasury stating that my Federal payment has been applied to my obligation to the U.S. Department of Education. *See Exhibit D*

Plaintiff filed complaint against Defendant 60 days (8 weeks) after receiving notice from the Department of the Treasury. *See Exhibit E.*

Plaintiff received an Affidavit from Defendant on November 9, 2012 affirming under oath that the alleged debt is still due. *See Exhibit F, AFFIDAVIT OF DENNIS CHRISTIE.*

The original contract states, "<u>No provision of this Note can be waived or modified except in writing.</u>" *See Exhibit G, page 2, VII. Additional Agreements line 3.* Plaintiff cannot find any reference in the original contract that requires Plaintiff to pay anyone except the Original Creditor or it's named assign the Maryland Higher Education Loan Corporation (the "MHELC"). *See Exhibit G, page 2, VII. Additional Agreements line 4.* According to Information for Financial Aid Professional (the "IFAP"), USAF was the holder of this guarantee:

*<u>The Maryland Higher Education Loan Corporation (MHELC) ceased guarantor operations on June 30, 1995 and all guarantees were transferred to United Student Aid Funds (USAF). USAF holds all defaulted loans and related records previously owned by MHELC.</u>* **www.ifap.ed.gov**

Plaintiff has no idea or proof as to how Defendant gained any rights to interfere in Plaintiff's affairs. Plaintiff began to worry that Defendant's allegations would hinder his ability to obtain aforementioned license. Defendant's allegations caused the Plaintiff a lot of emotional turmoil and stress; Plaintiff sought help from a professional about his emotional distress *See Exhibit H.*

## II.  MATERIAL FACTS

1.  Plaintiff is not indebted to U.S. Department of Education. *See Exhibit D*

2.  Defendant does not own, and has never owned the alleged debt. *See Exhibit I, Defendants Response to: Request for Admissions answer 3.*

3.  Plaintiff is not contractually obligated to Defendant. *(See Exhibit I, Defendants Response to: Request for Admissions answer 5.*

2

*4.* The amount claimed by U.S. Department of Education, who the Defendant alleges to be "retained" by, is exceedingly different than the alleged debt claimed to be due according to the Defendant. *See Exhibit D & Exhibit B.*

## III. ARGUMENT

Plaintiff is perplexed as to what alleged debt the Defendant is trying to collect, as there is no alleged debt. It is Plaintiff's belief that to rely on an unknown entity's (i.e. the Defendant) alleged claim would have been a detriment to Plaintiff's financial and emotional well-being. There are many stories of interlopers who have absconded with monies they have received.

Plaintiff is confused as to the law Defendant relies on that compels one to pay a third party debt collector, especially a debt collector who was not assigned or bought the alleged debt in question. Plaintiff understands that the obligations contained in contracts must be paid as Plaintiff has satisfied his obligation if full with the U.S. Department of Education. What rights has the Defendant obtained to interfere in Plaintiff's affairs?

On or about February 2011 Plaintiff was involved in an investigation by the Maryland Insurance Administration (the "MIA") for a license that Plaintiff had applied for. One of the provisions for obtaining the license was that any debts had to be satisfied, which the Plaintiff planned and successfully accomplished.

Despite the fact that MIA approved Plaintiff's license and Plaintiff's obligation to U.S. Department of Education had been satisfied, there was still no communication forthcoming from Defendant that Plaintiff has no obligation to U.S. Department of Education or the Defendant.

Although Plaintiff does not know how many weeks the term "several weeks" are (see Material Fact 3). It is the Plaintiff's belief that 8 weeks (60 days) was sufficient time to correct Defendant's error. After 8 weeks had past it was then, and is now, the belief of Plaintiff that the Defendant has been, or is negligent, with regards to the maintenance of procedures reasonably adapted to avoid any such error based on 15 USC ß1692k(c).

Plaintiff asserts that in this age of computers and telephones, if procedures reasonably adapted to

3

avoid any such error have not been followed then the Defendant would be in violation of the FDCPA. If this is the case, then indeed the Defendant breached his legal duty because of gross negligence. *Seelig v. First Nat. Bank, D.C. Ill., 20 F. Supp. 61, 68.*

The Affidavit mentioned above was sworn to over 8 months after Plaintiff satisfied his obligation to the U.S. Department of Education. Plaintiff believes that at this point Defendant has engaged in, although it may be a contradiction of terms, willful negligence. *Victor Coal Co. v. Muir, 20 Colo. 320, 38 P. 378, 26 L.R.A. 435.*

To the best of Plaintiff's knowledge and belief an element of willful negligence is intent as in 15 USC ß1692k(b)(1). To the best of Plaintiff's knowledge Defendant has a legal duty to follow procedures to ensure that Plaintiff's rights are not violated. If the correct procedures were not followed, then the Defendant is not in compliance with the law, which is a deceptive practice.

Not wanting the alleged debt to be assumed as valid, it was the Plaintiff's belief that Plaintiff had no other choice than to file a case against Defendant. The Plaintiff has offered to settle the matter out of court; Defendant has rejected Plaintiff's offer and has not made any counter offers.

## IV.  LEGAL AUTHORITY
### Summary Judgment Standard

Summary judgment is appropriate when the movant can demonstrate that the pleadings, depositions, affidavits, and other evidence available to the court establish no genuine issue of material fact. *Federal Rules of Civil Procedure 56(c).* Once the movant has met its burden, the nonmovant must demonstrate that there are fact issues warranting a trial. *Federal Rules of Civil Procedure 56(e).* In opposing summary judgment, the nonmovant may not rely on conclusory allegations in his pleadings; rather, he must set forth sufficient evidence supporting a claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson v. Liberty Lobby, Inc.,*

*477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).* If the nonmovant fails to make a showing on an element for which he bears the burden of proof, the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).*

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." *Maryland Rule 2-501(e).* This Court of Appeals discussed the summary judgment procedure in *Hartford Ins. Co. v. Manor Inn, 335 Md. 135, 642 A.2d 219 (1994),* explaining the "purpose of the summary judgment procedure is to decide whether there is an issue of fact sufficiently material to be tried, not to try the case or to resolve factual disputes." *Gross v. Sussex, Inc., 332 Md. 247, 255, 630 A.2d 1156, 1160 (1993).* See *Foy v. Prudential Insurance Company of America, et al., 316 Md. 418, 422, 559 A.2d 371, 373 (1989); Coffey v. Derby Steel Company, 291 Md. 241, 247, 434 A.2d 564, 568 (1981).* Thus, the review of the grant of summary judgment involves the determination whether a dispute of material fact exists, *Gross, 332 Md. at 255, 630 A.2d at 1160.*

Pursuant to Maryland Rule 2-501(e), when the motion and response show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law, the trial court shall enter summary judgment for the moving party. *Gross, 332 Md. at 255, 630 A.2d at 1160.* The determination of whether a genuine dispute of material fact exists and, if not, what the ruling of law should be, requires the reviewing court to resolve all inferences to be drawn from the pleadings, admissions, and

5

affidavits, etc., against the moving party. *Id. at 256, 630 A.2d at 1160.*

For the aforementioned reasons this Honorable Court should grant Plaintiff's Motion for Summary Judgment.


Dated this 23  January 2013


Kenneth A. Harkins, Jr.
7200 Wessex Drive
Temple Hills, Maryland 20748
(202) 550-8001

6