**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

KENNETH A. HARKINS, JR.,    :
            :
    Plaintiff,     :
            :
v.            :
            : CASE NO. 12-CV-1229
DIVERSIFIED COLLECTION  :
SERVICES, INC.,      :
            :
    Defendant.    :
            :

---

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant Diversified Collection Services, Inc., now known as Performant Recovery, Inc., by and through undersigned counsel, to respectfully request that this Honorable Court deny Plaintiff's Motion for Summary Judgment. This Memorandum is submitted in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

**INTRODUCTION AND FACTUAL BACKGROUND**

On or about April 24, 2011, an account alleged to be due and owing by Plaintiff Kenneth A. Harkins, Jr. ("Plaintiff") was placed with Defendant Diversified Collection Services, Inc. ("Defendant" or "DCS") for the purpose of collections. Exhibit A (Affidavit of Dennis Christie) ¶ 4. This account was placed by the U.S. Department of Education. Id. ¶ 4  On or about April 25, 2011, DCS forwarded to Plaintiff written correspondence that contained the 30-day validation notice language that is required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"). Id. ¶ 5; see Exhibit 1 (DCS's 04/25/2011 letter to Harkins). Defendant did not receive a dispute from Plaintiff within the 30-day period prescribed in the correspondence. Exhibit A ¶ 6. Almost eight months later, on or about December 19, 2011,

DCS received correspondence from Plaintiff disputing the account.  Id. ¶ 7; see Exhibit 2

(Harkins' 12/09/2011 letter to DCS).  Despite the fact that the dispute was outside the 30-day

period contained in the FDCPA, Defendant ceased collection on Plaintiff's account until it

forwarded verification of the account to Plaintiff on January 20, 2012.  Exhibit A ¶ 9.

On April 23, 2012, Plaintiff initiated this matter against Defendant.  After Defendant filed

a Motion for Judgment on the Pleadings, Plaintiff was permitted to file an Amended Complaint

in which he brings claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

(the "FDCPA"); the Maryland Fair Debt Collection Practices Act (the "MFDCPA"); and the

Maryland Consumer Protection Act (the "MCPA").  In his Amended Complaint, Plaintiff alleges

that he received letters from Defendant dated on or about November 5, 2011 and November 21,

2011 that contained different information about the amount due and owing by Plaintiff.  Amend.

Compl. ¶¶ 7-8.  Plaintiff further claims that Defendant has failed to provide validation of the

underlying account despite his request for validation.  Id. ¶ 9.      Plaintiff also alleges that he

has been cleared by two Federal Agencies of "any debt owed" and that Defendant knew or

should have known the underlying account was not valid.  Id. ¶ 12

## ARGUMENT

### A.    LEGAL STANDARD

A motion for summary judgment is properly granted when "the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  Collier v.

Professional Bureau of Collections, 2012 WL 3745720 at *5 (D.Md. Aug. 28, 2012), citing

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When reviewing a summary judgment

motion, a court views the facts in a light most favorable to the non-moving party.  Id. citing

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. Anderson, at 249 (1986)).  Material facts are those which will affect the outcome of the trial under governing law.  Id. at 248.

According to the U.S. Supreme Court in Anderson, summary judgment must be granted when the evidence "is so one-sided that one party must prevail as a matter of law."  Id. at 250. This means that summary judgment cannot be defeated if the non-moving party does not "offer [] any concrete evidence from which a reasonable juror could return a verdict in his favor[.]"  Id. at 256.  The non-movant has the "burden of producing in turn evidence that would support a jury verdict[,]" and must "set forth specific facts showing that there is a genuine issue for trial."  Id.

Plaintiff has not demonstrated that he is entitled to summary judgment in this matter. While Defendant agrees that there is no genuine issue of material fact, the facts in this case weigh in favor of summary judgment for the Defendant.

**B.     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE IT INTRODUCES NEW LEGAL AND FACTUAL ARGUMENTS THAT WERE NOT INCLUDED IN HIS AMENDED COMPLAINT.**

A party cannot raise a new claim through his argument on summary judgment.  Bassi & Bellotti v. Transcontinental Granite, Inc., 2011 WL 856366 at *10 (D. Md. Mar. 9, 2011).  The Fourth Circuit Court of Appeals has made it clear that the only way to raise new arguments after the discovery stage has begun is to amend the complaint.  Id., citing Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir.2009) (citing Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 Fed.Appx. 556, 563 (4th Cir.2008), cert. denied, 130 S.Ct. 1140 (2010).  In Barclay, supra, the Fourth Circuit Court of Appeals explained this principal:

As we previously stated, notice pleading is designed to provide defendants with fair notice of the plaintiffs' claims and the grounds upon which those claims rest. *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Thus, Barclay White's complaint cannot be construed so liberally so as to deprive Battelle of notice. Additionally, despite the liberal pleading rules outlined by the Supreme Court, plaintiffs may not raise new claims without amending their complaints after discovery has begun. In *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir.2004) (citing *Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir.1996)), the Eleventh Circuit held that

> Efficiency and judicial economy require that the liberal pleading standards under *Swierkiewicz* and Rule 8(a) are inapplicable after discovery has commenced. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.

Other circuits have taken similar positions. *See Tucker v. Union of Needletrades, Indus., & Textile Employees,* 407 F.3d 784, 788 (6th Cir.2005); *Shanahan,* 82 F.3d at 781 (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."); *Fisher v. Metro. Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir.1990) ("As the district court correctly noted, this claim was not raised in Fisher's second amended complaint but, rather, was raised in his response to the defendants' motions for summary judgment and, as such, was not properly before the court."). Barclay White is, therefore, unable to raise new claims after discovery has commenced without further amending its complaint.

Barclay, supra at 563.

In his Motion for Summary Judgment, Plaintiff is alleging a new cause of action. The focus of Plaintiff's Amended Complaint was correspondence received from Defendant and a belief that Defendant knew or should have known that the underlying account was not valid.  See Amend. Compl. ¶ 7-9.  However, Plaintiff is now arguing that Defendant violated the FDCPA by breaching a legal duty owed to him and acting in "willful negligence [sic]" Id. at 4.  Plaintiff also argues that "the correct procedures were not followed" by DCS and that this failure constitutes a "deceptive practice."  Id. at 4.  Aside from having no factual basis to support these

allegations aside from his own self serving statements, these arguments were not raised in Plaintiff's Amended Complaint.

Plaintiff's Motion for Summary Judgment is based on arguments that were not raised in his initial pleadings.  Because Plaintiff is attempting to raise new legal and factual arguments in his dispositive motion, his Motion for Summary Judgment should be denied.

### C.   PLAINTIFF FAILED TO STATE A CLAIM PURSUANT TO HIS FDCPA AND STATE LAW CLAIMS.

#### 1.   Plaintiff cannot establish a violation of the FDCPA.

Plaintiff alleges that Defendant violated provisions of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f of the FDCPA.  Amend. Compl. (Count One).  Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Similarly, Section 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  In his amended pleading, Plaintiff contends that DCS: (1) violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the underlying account; (2) violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect on the underlying account; and (3) violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by agreement or permitted by law.  Plaintiff has failed to allege facts sufficient to support his FDCPA claims and has failed to provide sufficient evidence to show that he is entitled to summary judgment on those claims.

In his Motion for Summary Judgment, Plaintiff argues that Defendant acted deceptively and violated the FDCPA by failing "to follow procedures to ensure that Plaintiff's rights are not violated."  Amend. Compl. at 4.  This claim appears to be rooted in Plaintiff's belief that he does not owe the balance claimed on the underlying account.  Plaintiff claims that Defendant knew or

somehow should have known that he did not owe the balance placed with Defendant for collections. Plaintiff further argues that Defendant violated the FDCPA by acting in a willfully negligent manner. Plaintiff makes these self serving statements in his Motion, but fails to provide any factual evidence to support his allegations. The facts contained in the record of this matter demonstrate that Defendant did not violate the FDCPA.

Defendant was retained by the U.S. Department of Education to collect an account alleged to be due and owing by Plaintiff. Exhibit A (Christie Aff.) ¶ 4. Defendant was not legally obligated to verify the validity of this account because a debt collector may rely on the creditor representation that a debt is valid and owed. Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1031-32 (6th Cir. 1992); Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir.1999). Defendant complied with the FDCPA when it forwarded Plaintiff a 30-day validation notice. See Exhibit A ¶5; Exhibit 1 (DCS's 04/25/2011 to Harkins). Plaintiff failed to dispute the account with Defendant within that 30 day time frame. Exhibit A ¶ 6. When Plaintiff finally did write to Defendant, Plaintiff did not advise Defendant that he believed the account had already been satisfied. See Exhibit 2 (Harkins' 12/08/2011 lacking any suggestion that the account had been satisfied). Plaintiff's correspondence merely asserted that he was disputing the account and he requested validation of the balance. Id. Even though Plaintiff's verification request was well beyond the 30-day period contained in the FDCPA, DCS ceased collection on the account and forwarded validation materials to Plaintiff. Exhibit A ¶ 9. Prior to filing his Complaint against Defendant, Plaintiff did not contact Defendant to further dispute the account. Id. ¶ 10. Thus, there is no evidence that Defendant knew or should have known that the underlying account's validity was questionable, let alone that the account is not due and owing. In fact, the documents attached to Plaintiff's Motion in support of his contention that the underlying account is not valid

(Exhibit D of Pl.'s Mot. for Summ. J.) do not contain the same account number as the account Defendant was attempting to collect from Plaintiff.  Compare Exhibits A [ECF 26-1] and B [ECF 26-2] (identifying Dep't of Education Account No. 1003621703) with Pl.'s Exhibit D [ECF 26-4] (Dep't of Treasury letter referencing Dep't of Education Acct. No. 05577823021)  In addition, even if this document [ECF 26-4] is what Plaintiff purports it to be, he has failed to show how this letter creates liability on the part of Defendant.  Again, Plaintiff has not alleged that he provided this letter to Defendant at the time he requested verification or any time subsequent thereto.  The record shows that DCS relied on information provided by the Department of Education, its client, which DCS is legally entitled to do.

Furthermore, Plaintiff cannot demonstrate that DCS employed deceptive practices when communicating with the Plaintiff.  When corresponding with Plaintiff, Defendant provided Plaintiff with information regarding the underlying account, including the Department of Education as the creditor to whom the balance was owed.  See  Exhibit 1 (identifying the creditor as the "U.S. Department of Education").  DCS never represented to Plaintiff that it was seeking funds from Plaintiff on its own behalf.  See Exhibit 1 (directing that payment be sent to "National Payment Center; U.S. Department of Education").  In his Amended Complaint, Plaintiff alleged that he received correspondence from Defendant on or about November 21, 2011 that contained an amount due and owing that was different from a letter received from Defendant on or about November 5, 2011.  Plaintiff further alleged that the difference in the amount prompted him to believe that "some type of deceptive activity was going on."  Amend. Compl. ¶ 8.  Aside from engaging in unrestrained speculation, Plaintiff has not provided any evidence to support the claim that a difference in the balance owed on the two letters was somehow a deceptive practice in violation of the FDCPA.

Plaintiff also argues that Defendant failed to follow proper procedures when handling his account, and that this failure was a violation of the FDCPA.  As will be discussed below, Defendant does have procedures it follows when collecting on accounts to ensure they act properly and legally.  Plaintiff's claim that Defendant failed to follow proper procedures is deficient for several reasons.  First, Plaintiff has not alleged any facts to support this claim.  He does not allege the existence of a procedure Defendant was legally obligated to follow that it failed to follow.  In addition to not identifying the procedure Plaintiff believes Defendant failed to follow, he does not demonstrate how this alleged failure to follow a procedure was a violation of the FDCPA.  Again, Plaintiff has asserted legal conclusions without any factual support to prove that he is entitled to relief.

The facts in the record for this matter show that Defendant fully complied with the FDCPA.  Plaintiff merely makes self-serving statements and legal conclusions throughout his Amended Complaint and Motion for Summary Judgment and fails to present facts sufficient to support his claims.  Based upon the foregoing, Plaintiff has failed to present facts sufficient to demonstrate a violation of the FDCPA.  Assuming *arguendo* that Plaintiff has demonstrated a violation of the FDCPA, Defendant is entitled to dismissal of this matter pursuant to 15 U.S.C. § 1692k(c).  Section 1692k(c) of the FDCPA provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).  To successfully assert the bona fide error defense, a defendant must show that: (1) the alleged violation was unintentional, (2) the alleged violation resulted from a bona fide error, and (3) the bona fide error occurred despite procedures designed to avoid such errors. Beck v. Maximus Inc., 457 F.3d 291, 297-98 (3rd Cir. 2006).

Any alleged violations in this matter were not intentional.  An account alleged to be due and owing by Plaintiff was placed with Defendant for the purpose of collections.  Defendant took the steps necessary to comply with the FDCPA.  Defendant provided Plaintiff with the notice required by the FDCPA and forwarded verification materials to Plaintiff despite his request being outside the 30 day period.  Defendant is entitled to rely on information provided by the creditor. Smith v. Transworld Systems, Inc., supra; Chaudhry v. Gallerizzo, supra.  Plaintiff has failed to present any evidence that Defendant committed an intentional violation of the FDCPA.

Furthermore, Defendant followed its procedures when dealing with Plaintiff's request for verification.  When Defendant received Plaintiff's request, it ceased collections on Plaintiff's account until it could forward Plaintiff verification materials.  Exhibit A (Christie Aff.) ¶ 9.  Defendant contacted the creditor and forwarded documentation to Plaintiff verifying the debt.  Id.  Defendant's procedure with regard to verification requests is in place to not only ensure compliance with the FDCPA, but to address consumers' concerns about accounts placed with Defendant for collection.

The record in this matter demonstrates that any violation of the FDCPA committed by Defendant was not intentional and was the result of a bona fide error for which procedures were in place to prevent.  Therefore, because Defendant is entitled to the bona fide error defense, Plaintiff's FDCPA claim should be dismissed.

> **2.    Plaintiff fails to state a claim pursuant to the Maryland Consumer Debt Collection Act claim.**

Plaintiff alleged in his Amended Complaint that Defendant violated the Maryland Consumer Debt Collection Act ("MCDCA"), MD Code, Commercial Law § 14-202(8).  Amend. Compl. ¶¶ 18-19.  This statute prohibits a debt collector from claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.  Preliminarily,

Plaintiff does not specifically argue in his Motion for Summary Judgment that he is entitled to judgment as to his MCDCA claim.  However, because Plaintiff's Amended Complaint contained MCDCA allegations, Defendant will address Plaintiff's MCDCA claims in this opposition.  Like his FDCPA claims, Plaintiff cannot demonstrate that he is entitled to relief pursuant to the MCDCA.

As an initial matter, Plaintiff's MCDCA claim must fail because it is derivative of his FDCPA claims.  See e.g., Lewis v. ACB Business Services, Inc., 135 F.3d 389, 403 (6th Cir.1998) (holding that, lacking additional evidence, a finding that no FDCPA violation occurred requires a finding that no Ohio Consumer Sales Act violation occurred).  Furthermore, Plaintiff's Amended Complaint and his Motion for Summary Judgment fail to include allegations to support his MCDCA claim.  Plaintiff merely alleges that he received correspondence from Defendant and that he does not believe Defendant had a right to collect the underlying account.  As has been discussed, Plaintiff failed to demonstrate that Defendant had knowledge the underlying account was not valid.  In fact, Plaintiff has not shown that the underlying account is not due and owing or that Defendant had knowledge the account was not valid.  Plaintiff never advised Defendant that he believed the account was paid in full until he commenced litigation against Defendant.

Even if Plaintiff's allegation that he no longer owes the underlying account balance is accurate, he has failed to show that Defendant knew the account balance was not due and owing.  The record demonstrates that Defendant had no reason to believe the account balance was not still due and owing by Plaintiff.  Because Plaintiff has presented no evidence to support the allegation that he no longer owes the account or that Defendant knew he did not owe the alleged balance, Plaintiff has failed to prove a § 14-202(8) claim.

     **3.**      **Plaintiff fails to state a claim under the Maryland Consumer Protection Act.**

Plaintiff alleges that DCS violated several provisions of the Maryland Consumer Protection Act ("MCPA"), Md Code, Commercial Law, § 13-301.  Amend. Compl. ¶¶ 20-28. Again, because Plaintiff's MCPA claims are derivative of his FDCPA claims, DCS is entitled to judgment with regard to Plaintiff's MCPA claims.  Lewis v. ACB Business Services, Inc., supra. In addition, for the same reasons discussed above, Plaintiff has failed to properly allege or factually support his MCPA claims in his Amended Complaint or Motion for Summary Judgment.  Therefore, Plaintiff's Motion for Summary Judgment should be denied as to his MCPA claims and judgment should be granted in favor of DCS.

### CONCLUSION

Based upon the foregoing, Defendant Diversified Collection Services, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion for Summary Judgment.

                _____/s/_____.
                James M. Connolly (Bar No. 23872)
                Kramer & Connolly
                465 Main Street
                Reisterstown, Maryland  21136
                Tel.: (410) 581-0070
                Fax: (410) 581-1524


                Counsel for Defendant Diversified
                Collection Services, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on February 11, 2013, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system and mailed a copy of the foregoing first-class,

postage prepaid, to:

> Kenneth A. Harkins, Jr.
> 7200 Wessex Drive
> Temple Hills, Maryland 20748
> *Pro Se Plaintiff*

> _____/s/_____.
> James M. Connolly